

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-4630
Re: Who is entitled to the excess
money for which property sells
under a tax sale?

Your letter of June 4, 1942, enclosing a letter
to you from Mr. Conrad J. Landram, Assistant District At-
torney, Harris County, requesting our opinion on the prop-
er procedure and disposition of the excess money received
at a tax sale has been given our consideration.

In his letter to you of June 1st Mr. Landram
states that on January 11, 1941, the State of Texas re-
covered judgment against Chas. W. Bryan, et al, for de-
linquent taxes; that on May 6, 1941, the property was sold
under tax sale to George Meier; that after paying all court
costs and taxes there remained on hand a surplus of $495.52
which the Sheriff paid into the registry of the court; that
Mr. Meier has filed a motion asking the court to direct
the $495.52 be paid to him by reason of the fact that in
April 1942 he claims he purchased the property from Mr.
Bryan.

Under the above facts you have requested our op-
inion as to whether the State of Texas has any interest
therein and if so what course to pursue.

Under Article 7258 of the Revised Civil Statutes
the law requires the Sheriff to pay the District Clerk any
surplus remaining after the taxes and costs have been paid
in a tax sale, and then provides:

"To be retained by him (the Clerk) subject
to the order of the court for a period of two
years, unless otherwise ordered by the court,
at which time the court may order the same to
be paid to the owner against whom said taxes
were assessed; . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In the case of Moore v. Rogers, 99 S. W. 102, the Supreme Court in discussing the question of who was entitled to the excess money for which land sold under a tax sale, used this language:

"If there was an excess in the bid over the amount which the sheriff could lawfully collect, it was the proceeds of the sale of Rogers' land, and belonged to him in the hands of the sheriff."

Under the facts above stated the $498.52 does not belong to the State of Texas and it has no interest therein. As to who is entitled to said money is a question that must be determined by the District Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 16, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Geo. W. Barcus
Assistant

GWB:LM


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN